T.C. Memo. 2008-210

UNITED STATES TAX COURT

LUCIANO FERNANDEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15538-07L.                    Filed September 3, 2008.

Luciano Fernandez, pro se.

<u>Vivian N. Rodriguez</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  This action was commenced in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 (Lien) of the Internal Revenue Code (notice of determination) with respect to petitioner's Federal income tax liabilities for 2000, 2003, and 2004 and unpaid trust fund recovery penalties under section 6672 for periods ended June 30,

2000, September 30, 2000, December 31, 2000, March 31, 2001, September 30, 2001, December 31, 2001, and March 31, 2002.  The issue for decision is whether the Appeals officer abused his discretion in rejecting petitioner's offer-in-compromise and sustaining the lien actions.  Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

                          Background

     This case was submitted fully stipulated under Rule 122. The stipulated facts are incorporated as our findings by this reference.  Petitioner resided in Florida at the time that he filed his petition.

     Federal income tax liabilities arose because petitioner failed to pay in full the tax reported on his returns for 2000, 2003, and 2004.  Petitioner also failed to pay trust fund recovery penalties under section 6672 for periods ended June 30, 2000, September 30, 2000, December 31, 2000, March 31, 2001, September 30, 2001, December 31, 2001, and March 31, 2002.

     On July 12, 2006, the Internal Revenue Service (IRS) sent a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (notice of Federal tax lien) to petitioner with respect to his 2003 and 2004 Federal income tax liabilities and all the trust fund recovery penalties at issue.  On the same date, the IRS sent a separate notice of Federal tax lien to

petitioner and his spouse with respect to their 2000 Federal income tax liability. The total amount of petitioner's outstanding tax liabilities and penalties, reflected by both notices, was $47,228.02 at that time.

Petitioner responded to the notices of Federal tax lien by submitting a timely request for an administrative hearing (section 6330 hearing). In his request petitioner explained that he had "tried to do a payment plan" but that the IRS would not accept it because his account was labeled "uncollectable". After receiving the request, the Appeals Office contacted petitioner about the section 6330 hearing and, in order to consider alternative collection methods, requested and received certain financial information on Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and Form 433-B, Collection Information Statement for Businesses.

On February 23, 2007, the Appeals officer conducted a section 6330 hearing with petitioner by telephone. The underlying tax liabilities were not raised. Petitioner wanted to pursue a collection alternative by employing a deferred offer-in-compromise of $5,000. The Appeals officer advised petitioner of additional financial information that would need to be submitted along with Form 656, Offer in Compromise. Having reviewed petitioner's living expenses, the Appeals officer cautioned that some of these expenses could be calculated, for offer-in-

compromise purposes, at allowance amounts less than what petitioner claimed.

On March 8, 2007, the Appeals Office received petitioner and his spouse's offer-in-compromise and all other requested information.  Their offer proposed a compromise of $4,272 as full satisfaction of their liabilities and penalties to be paid over a 2-year period in monthly payments of $178.  On their Form 656 petitioner and his spouse did not check any of the provided boxes stating the legal grounds on which the compromise was based.  Because no grounds had been selected, the Appeals Office processed their offer-in-compromise under "Doubt as to Collectibility".

On June 25, 2007, the Appeals Office sent to petitioner the notice of determination upon which this case is based.  In the notice of determination, the Appeals officer determined the reasonable collection potential to be $205,220, on the basis of the information petitioner provided.  The Appeals officer explained to petitioner how the reasonable collection potential was calculated, including how the amounts of some of his living expenses were based upon current national and local allowance schedules instead of petitioner's provided figures.  With respect to petitioner's monthly housing and utilities expense, the Appeals officer allowed $1,450, on the basis of the local

standard amount for South Florida of $1,291, which was markedly less than petitioner's claimed amount of $3,678.

Because the reasonable collection potential was significantly greater than petitioner's offer-in-compromise (and significantly greater than the total tax liabilities and penalties), the Appeals officer did not recommend acceptance of the offer. The notice of determination concluded that the Federal tax lien filings were proper in that they conformed with IRS procedures and were no more intrusive than necessary for the efficient collection of taxes.

## Discussion

Neither the amount of petitioner's liability nor the procedural facts in this case are in dispute. Petitioner contends that the use of the local standard allowance for his housing and utilities monthly expense caused an unrealistic result in determining his reasonable collection potential. Ultimately, petitioner argues that it was an abuse of discretion for the Appeals officer to reject his offer-in-compromise and sustain the lien.

We have jurisdiction to review the Appeals Office determination in a section 6330 hearing. Secs. 6320(c), 6330(d)(1); see Ginsberg v. Commissioner, 130 T.C. __, __ (2008) (slip. op. at 6-7) (explaining that the Court's jurisdiction includes review of all appeals of collection determinations made

after October 16, 2006, including when trust fund recovery penalties are part of the underlying tax liabilities); Greene-Thapedi v. Commissioner, 126 T.C. 1, 6 (2006). Review is for abuse of discretion. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), affd. 469 F.3d 27 (1st Cir. 2006); Speltz v. Commissioner, 124 T.C. 165, 170-171 (2005), affd. 454 F.3d 782 (8th Cir. 2006); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Section 7122(a) authorizes compromise of a taxpayer's Federal income tax liability. "The decision to entertain, accept or reject an offer in compromise is squarely within the discretion of the appeals officer and the IRS in general." Kindred v. Commissioner, 454 F.3d 688, 696 (7th Cir. 2006). Generally, where the Appeals officer has followed the IRS guidelines to ascertain a taxpayer's reasonable collection potential and rejected the taxpayer's collection alternative on that basis, we have found no abuse of discretion. See McClanahan v. Commissioner, T.C. Memo. 2008-161; Lemann v. Commissioner, T.C. Memo. 2006-37; Schulman v. Commissioner, T.C. Memo. 2002-129.

Regulations adopted pursuant to section 7122 set forth three grounds for the compromise of a liability: (1) Doubt as to liability, (2) doubt as to collectibility, or (3) promotion of effective tax administration. Sec. 301.7122-1(b), Proced. & Admin. Regs. On a Form 656, the taxpayer selects the legal

grounds he or she proposes for compromise. Petitioner did not select the grounds for compromise on his Form 656. The Appeals Office processed his offer-in-compromise on the grounds of doubt as to collectibility.

Doubt as to collectibility exists where a taxpayer's assets and income are less than the full amount of the liability. Sec. 301.7122-1(b)(2), Proced. & Admin. Regs. A taxpayer's assets (the net realizable equity in his assets) and income (the present value of a taxpayer's future ability to pay toward the tax debt as determined by his monthly income minus necessary living expenses) are the two primary components that make up reasonable collection potential (the amount, which is less than the full liability, that the IRS could collect through means such as administrative and judicial collection remedies). See Murphy v. Commissioner, supra at 309; Bergevin v. Commissioner, T.C. Memo. 2008-6. Generally a doubt-as-to-collectibility offer amount must equal or exceed the taxpayer's reasonable collection potential in order to be considered for acceptance. 1 Administration, Internal Revenue Manual (CCH), pt. 5.8.1.1.3(3), at 16,253-16,254 (Sept. 1, 2005); see also Rev. Proc. 2003-71, sec. 4.02(2), 2003-2 C.B. 517, 517 (stating that an offer will be considered acceptable if it reflects the taxpayer's reasonable collection potential).

The Appeals officer determined petitioner's reasonable collection potential to be $205,220.  If this determination is reasonable, then petitioner's reasonable collection potential is substantially higher than petitioner's offer of $4,272, and it was proper for the Appeals officer to find the offer unacceptable.  Similarly, because the reasonable collection potential is substantially higher than petitioner's total tax liability of approximately $45,000, doubt as to collectibility would not exist.  Therefore, petitioner's arguments hinge on whether the Appeals officer's determination of petitioner's reasonable collection potential is actually reasonable.  See Murphy v. Commissioner, supra at 321.

Petitioner contests the use of standard allowances provided by IRS guidelines in determining his total monthly living expenses.  Petitioner argues that if his actual housing and utilities expense was used, his reasonable collection potential would be more in line with economic reality.  Section 7122(d) authorizes the IRS to prescribe guidelines as follows:

SEC. 7122(d). Standards for Evaluation of Offers.--

(1) In general.--The Secretary shall prescribe guidelines for officers and employees of the Internal Revenue Service to determine whether an offer-in-compromise is adequate and should be accepted to resolve a dispute.

(2) Allowances for basic living expenses.--

(A) In general.--In prescribing guidelines under paragraph (1), the Secretary shall develop

and publish schedules of national and local allowances designed to provide that taxpayers entering into a compromise have an adequate means to provide for basic living expenses.

(B) Use of schedules.--The guidelines shall provide that officers and employees of the Internal Revenue Service shall determine, on the basis of the facts and circumstances of each taxpayer, whether the use of the schedules published under subparagraph (A) is appropriate and shall not use the schedules to the extent such use would result in the taxpayer not having adequate means to provide for basic living expenses.

Regulations for doubt as to collectibility cases further provide:

A determination of doubt as to collectibility will include a determination of ability to pay. * * * To guide this determination [of the amount of the taxpayer's basic living expenses], guidelines published by the Secretary on national and local living expense standards will be taken into account. [Sec. 301.7122-1(c)(2)(i), Proced. & Admin. Regs.]

Use of the IRS's published national and local allowances as guidelines for basic living expenses is an appropriate method to determine a taxpayer's monthly expenses. See Speltz v. Commissioner, supra at 179; McDonough v. Commissioner, T.C. Memo. 2006-234 (finding no abuse of discretion where the Appeals officer used the standard allowance instead of the taxpayer's actual housing and utilities expense); Hawkins v. Commissioner, T.C. Memo. 2005-88. The Appeals officer considered and adjusted the financial information petitioner submitted and determined that $1,450 was sufficient to provide petitioner with the basic

monthly living expense of housing and utilities.  The Appeals officer properly applied the provisions of the Code, the regulations, and the Internal Revenue Manual.

Petitioner contends that the housing and utilities allowance of $1,450 would make it "almost impossible to own a family size house" in South Florida.  However, nothing in the record of this case shows that the Appeals officer's determination was arbitrary or unreasonable.  We therefore conclude that there was no abuse of discretion in rejecting petitioner's offer and in sustaining the liens.

<u>Decision will be entered for respondent</u>.