T.C. Memo. 2008-226

UNITED STATES TAX COURT

ALLAN BARRY MARKS AND ROSALIND J. MARKS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14073-07L.                    Filed October 7, 2008.

Allan Barry Marks and Rosalind J. Marks, pro se.

<u>Justin L. Campolieta</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  This case is before us on respondent's

motion for summary judgment, filed under Rule 121.[1]

---

[1] All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code.

## Background

This is an appeal from respondent's determination upholding the proposed use of a levy to collect petitioners' unpaid Federal income tax liabilities for 1994 through 1999. When they petitioned the Court, petitioners resided in Florida.

On February 23, 2006, respondent sent petitioners a Notice of Intent to Levy and Notice of Your Right to a Hearing (the notice of intent to levy) regarding unpaid taxes for 1994 through 1999. Petitioners timely requested a hearing. With petitioners' acquiescence, respondent's Appeals settlement officer conducted the hearing by telephone in March and April 2007.

Petitioners requested that a collection alternative be considered. They submitted a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, listing monthly income of $7,814 and monthly expenses of $7,498.

After reviewing petitioners' information, the settlement officer proposed an installment agreement with monthly payments of $1,826. In arriving at this amount, the settlement officer used updated information provided by petitioners to determine their gross monthly income to be $8,642.[2] The settlement officer allowed living expenses that generally approximated or exceeded the amounts that petitioners had listed on their Form 433-A, with

_____

[2] Petitioners have not disputed this determination of their gross monthly income in this proceeding or, insofar as the record reveals, in the sec. 6330 hearing.

one notable exception.  In making allowance for housing and utilities expenses, the settlement officer allowed $1,291 on the basis of the maximum standard allowance for a family of two living in Miami-Dade County, Florida, rather than the $2,145 that petitioners had listed.[3]

According to the settlement officer's case activity report, in a telephone conversation on April 2, 2007, petitioner husband stated that he was in agreement with a monthly installment payment of $1,826 as proposed by the settlement officer.  By letter dated April 3, 2007, the settlement officer sent petitioners a proposed installment agreement reflecting monthly payments of this amount.  On April 9, 2007, the settlement officer received a telephone message from petitioner wife stating petitioners could not afford the proposed monthly installment payments and requesting that they be lowered to between $450 and $500.  The settlement officer rejected this proposal and countered that the monthly installment payment should be phased in so as to increase to $1,826 after 1 year.[4]  Petitioners did not accept this offer.

---

[3] Although the settlement officer also used the standard allowance guidelines for food, clothing, and miscellaneous expenses, the result in this instance was a higher allowance ($1,306) than petitioners had claimed ($1,041).

[4] The record does not reveal the starting amount or phase-in schedule for the proposed monthly payment.

By Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated May 22, 2007, respondent's Appeals Office sustained the issuance of the notice of intent to levy.

Pursuant to section 6330, petitioners seek review of respondent's determination.  Petitioners' amended petition assigns as error:  (1) That the settlement officer "proposed an installment payment agreement for significantly less than the amount proposed"; and (2) that "some" of the living expenses allowed by the settlement officer in calculating the net monthly income available for installment payments do not "correctly or reasonably reflect or represent the actual amounts associated with those expenses."[5]

On July 11, 2008, respondent filed a motion for summary judgment.  On August 22, 2008, petitioners filed their response.

### Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted where there is no genuine issue of any material fact and a decision may be rendered as a matter of law.  Rule 121(a) and

[5] The amended petition also assigns as error:  (1) That respondent had misapplied certain payments relating to an earlier installment agreement; and (2) that assessments for tax years 1994, 1995, and 1996 are barred by the statute of limitations. The parties agree that these issues have been resolved.

(b); see <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); <u>Zaentz v. Commissioner</u>, 90 T.C. 753, 754 (1988).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).  When a motion for summary judgment is made and properly supported, the adverse party may not rest upon mere allegations or denials of the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Rule 121(d).

If a taxpayer fails to pay any Federal income tax liability within 10 days of notice and demand, the Secretary is authorized to collect the tax by levy on the person's property.  Sec. 6331(a).  First, however, the taxpayer must be notified of the right to an administrative hearing before the Appeals Office of the Internal Revenue Service.  Sec. 6330(a) and (b)(1).  At the hearing, the taxpayer may generally raise relevant issues relating to the unpaid tax or the proposed levy, including offers of collection alternatives, which may include, among other things, an installment agreement or offer in compromise.  Sec. 6330(c)(2)(A).  Within 30 days after the Appeals Office issues a

notice of determination, the taxpayer may appeal the determination to the Tax Court.  Sec. 6330(d)(1).

Petitioners have not challenged their underlying liability. Accordingly, we review respondent's determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000). Under this standard of review, the determination will not be disturbed unless it is arbitrary, capricious, or without sound basis in fact or law.  See, e.g., Murphy v. Commissioner, 125 T.C. 301, 320 (2005), affd. 469 F.3d 27 (1st Cir. 2006).  For the reasons discussed below, we conclude that there is no genuine issue in dispute regarding the exercise of respondent's discretion.

Section 6159(a) authorizes the Secretary to enter into installment agreements "under which such taxpayer is allowed to make payment on any tax in installment payments if the Secretary determines that such agreement will facilitate full or partial collection of such liability."[6]  Eligibility for an installment agreement is based on the taxpayer's current financial condition. See generally 2 Administration, Internal Revenue Manual (IRM) (CCH), pt. 5.14.1.5, at 17,508 (July 12, 2005).  In requesting an installment agreement, a taxpayer must provide specific

---

[6] Pursuant to an exception not relevant here, the Commissioner is required to enter into an installment agreement in certain circumstances, generally involving tax liabilities of less than $10,000.  Sec. 6159(c).

information, including a proposed monthly payment or other periodic payment amount. 2 Administration, IRM (CCH), pt. 5.14.1.3(4), at 17,505 (July 12, 2005). The amount of the taxpayer's installment payment depends on his or her ability to pay. 2 Administration, IRM (CCH), pt. 5.14.1.5(5), at 17,509 (July 12, 2005). "The taxpayer must agree to the maximum monthly payment based upon the taxpayer's ability to pay." 2 Administration, IRM (CCH), pt. 5.14.2.2.1(7), at 17,530 (July 12, 2005). Allowable expenses are determined by reference to the Financial Analysis Handbook (a separate section of the IRM) and the national and local financial standards referenced therein. See 2 Administration, IRM (CCH), pt. 5.14.1.5(1), at 17,508 (July 12, 2005).

Petitioners allege that in past years they had one or more installment agreements (apparently covering at least some of the same liabilities at issue here) with significantly lower monthly payments than the settlement officer proposed in the section 6330 hearing. Petitioners also allege that in October 2004 one of respondent's agents proposed (apparently with respect to the same liabilities that are at issue here) an installment agreement providing for monthly payments of $1,000. Petitioners appear to contend that the settlement officer erred by insisting upon monthly installment payments that were significantly larger than

those called for in their prior installment agreements or in respondent's alleged October 2004 proposal.

Petitioners' contention is without merit. Respondent was not bound by the terms of any prior installment agreement or of an offer alleged to have been made but not accepted more than 2 years earlier. Petitioners acknowledge that they assented to the termination of their previous installment agreement because "the payment was not covering the accruing interest and penalties." The administrative record shows that during the section 6330 hearing the settlement officer considered this history and appropriately proposed an installment agreement on the basis of current information.

Petitioners contend that the settlement officer abused her discretion by determining their basic living expenses partly by reference to standard expense allowances. We disagree.

After considering all the information submitted by petitioners, the settlement officer applied standard allowances with respect to two categories of expenses: (1) Food, clothing, and miscellaneous; and (2) housing and utilities. The settlement officer allowed petitioners a standard allowance of $1,306 for food, clothing, and miscellaneous expenses, even though petitioners had claimed only $1,041 for this amount. Accordingly, with respect to this item, petitioners have no

reason to complain about the settlement officer's use of the standard allowance.

In essence, petitioners' disagreement is with the settlement officer's use of respondent's local standards for housing and utilities expenses for Miami-Dade County, Florida. Petitioners do not contend that the settlement officer misapplied these standard allowances or that their use would have deprived petitioners of the means to provide for basic living expenses. Instead, they seek to challenge the legitimacy of respondent's standard allowances, contending that they "are not believed to be representative of actual expenses for the applicable categories and grouping of items of expense, not just with respect to the Petitioners, but also with respect to all taxpayers in the Petitioners' geographic region". Contrary to Rule 121(d), however, petitioners have set forth no specific facts showing that there is a genuine issue for trial in this regard.[7]

---

[7] Petitioners contend that they should be permitted to conduct discovery with respect to respondent's derivation of the standard allowance guidelines. They contend further that they should be permitted to supplement their response to respondent's motion for summary judgment to take into account the fruits of this discovery. Discovery must generally be completed and any motion to compel discovery must be filed no later than 45 days before the date set for call of a case from the trial calendar (in this case, the discovery deadline would be Sept. 19, 2008). Rule 70(a)(2). Petitioners have filed no motion to compel discovery. In any event, we are unpersuaded of the relevancy of the derivation of respondent's county-wide standard housing and utilities allowance in the absence of any proof or assertion of specific facts showing that application of the standard allowance
(continued...)

This Court has sustained the Commissioner's use of the IRS's published national and local allowances as guidelines for basic living expenses in evaluating the adequacy of proposed installment agreements and offers-in-compromise. See, e.g., Speltz v. Commissioner, 124 T.C. 165, 179 (2005), affd. 454 F.3d 782 (8th Cir. 2006); Fernandez v. Commissioner, T.C. Memo. 2008-210; Klein v. Commissioner, T.C. Memo. 2007-325; Lemann v. Commissioner, T.C. Memo. 2006-37; Etkin v. Commissioner, T.C. Memo. 2005-245; Hawkins v. Commissioner, T.C. Memo. 2005-88. More particularly, this Court has generally found no abuse of discretion where Appeals officers used the housing and utilities standard allowances rather than the taxpayer's actual expenses. See Diffee v. Commissioner, T.C. Memo. 2007-304; McDonough v. Commissioner, T.C. Memo. 2006-234; Schulman v. Commissioner, T.C. Memo. 2002-129; cf. Fowler v. Commissioner, T.C. Memo. 2004-163 (holding that an Appeals officer abused his discretion in determining, on the basis of the standard allowance guidelines, that the taxpayers could not live as cheaply as they had claimed and so could not afford their proposed installment payments).

Ultimately, the only issue in this proceeding is whether there was an abuse of discretion in refusing petitioners'

[7](...continued)
would leave petitioners without the resources to meet basic living expenses--a matter which is within petitioners' own knowledge and as to which no discovery from respondent is needed.

requested collection alternative and determining that the proposed levy should proceed. Clearly there was not. The settlement officer followed applicable procedures in considering petitioners' request for a collection alternative and in proposing monthly installment payments. Petitioners countered with an informal proposal for monthly installment payments of $450 to $500. This proposal, however, was for less than half the $1,144 of available net monthly income that would be indicated taking into account their undisputed $8,642 of gross monthly income and making allowance for the $7,498 of total living expenses that petitioners listed on their Form 433-A (rather than the standard allowances used by the settlement officer). Rejection of this offer was not arbitrary, capricious, or without sound basis.

In conclusion, we are satisfied that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

To reflect the foregoing,

An appropriate order and decision will be entered.