T.C. Memo. 2009-276


UNITED STATES TAX COURT


EDWARD L. ALDRIDGE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3468-08L.                    Filed November 30, 2009.


Mary M. Gillum, for petitioner.

Beth A. Nunnink and John Bampfield, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  This proceeding was commenced in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 with respect to petitioner's Federal income tax liabilities for 1993, 1994, 1995, 2001, 2002, 2003, 2004, and 2005.  The issue for decision is whether the Internal Revenue Service's (IRS) Appeals Office abused its discretion by

sustaining the filing of a Federal tax lien.  Unless otherwise indicated, all section references are to the Internal Revenue Code.

### FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Shelby County, Tennessee, at the time he filed his petition.

Petitioner failed to file Federal income tax returns for 1993, 1994, 1995, 2002, and 2003.  For 2001, 2004, and 2005, petitioner filed income tax returns, but he failed to pay all of the liabilities reported.

On October 5, 1999, the IRS sent petitioner three notices of deficiency determining Federal income tax deficiencies and additions to tax for 1993, 1994, and 1995, respectively. Petitioner sent a Form 1040, U.S. Individual Income Tax Return, signed October 25, 1999, for 1995 to the IRS.

On September 8, 2000, petitioner filed a petition pursuant to chapter 13 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Western District of Tennessee.  The IRS filed a proof of claim regarding petitioner's unpaid tax liabilities for 1993, 1994, and 1995.  On May 3, 2001, the bankruptcy court entered an order closing petitioner's case.  Petitioner filed another chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for

the Western District of Tennessee on December 27, 2001.  The IRS again filed a proof of claim regarding petitioner's unpaid tax liabilities for 1993, 1994, and 1995.  On May 26, 2006, the second bankruptcy case was dismissed.  Petitioner did not object to the IRS' proof of claim and did not receive a discharge in either bankruptcy case.

On July 10, 2006, the IRS sent petitioner two notices of deficiency determining Federal income tax deficiencies and additions to tax for 2002 and 2003, respectively.  The notices were sent via certified mail to petitioner's last known address.

The IRS sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing under Section 6320, dated July 26, 2007, regarding petitioner's outstanding 1993, 1994, 1995, 2001, 2002, 2003, 2004, and 2005 income tax liabilities.  Included with the notice was a copy of the tax lien as filed in Shelby County, Tennessee.

On August 3, 2007, the IRS received a Form 12153, Request for a Collection Due Process or Equivalent Hearing, from petitioner in response to the lien notice.  On this form petitioner requested withdrawal of the lien and indicated that he wanted an installment agreement or offer-in-compromise (OIC) to be considered.  Petitioner indicated that the existence of the lien would interfere with his ability to obtain a loan for which he had applied.

By letter dated August 16, 2007, sent from H&R Block
Mortgage Corp., petitioner was informed that his loan application
to refinance a property he had purchased in January 2007 was
denied.  Included with the letter, the lender's Statement of
Credit Denial, Termination, or Change form stated that the
principal reasons for denying the loan were (1) "Value, or
condition of collateral not sufficient" and (2) "Rate, terms,
conditions and/or programs requested are not offered at this
time".

An IRS settlement officer sent a letter dated October 16,
2007, informing petitioner that a telephone conference for his
requested collection due process (CDP) hearing was scheduled for
November 29, 2007, and that during this hearing petitioner could
discuss his disagreement with the collection action and/or
discuss alternatives to the collection action.  The settlement
officer's letter noted:

> For me to consider alternative collection methods
> such as an installment agreement or offer in
> compromise, you must provide any items listed below.
> In addition, you must have filed all federal tax
> returns required to be filed.
>
> • A completed Collection Information Statement (Form
>   433-A for individuals) with all verifications.
> • A completed Offer in Compromise request with all
>   payments required if you are interested in this
>   type of collection alternative.
>
> Please send me the items requested above within 14 days
> from the date of this letter.  I cannot consider
> collection alternatives at your conference without this

information.  I am enclosing the applicable forms for your convenience.

On November 29, 2007, the settlement officer held a telephonic section 6330 hearing with petitioner.  During the hearing petitioner told the settlement officer that he had requested copies of his tax returns from the IRS for the liability periods because he might be able to amend the returns that were filed by the IRS to claim additional deductions. Petitioner also voiced his desire to enter into an installment agreement.  The settlement officer informed petitioner that he needed to submit a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting financial documents, for an installment agreement to be considered.  The settlement officer told petitioner that if he forwarded the information by December 4, 2007, it would be analyzed and another phone conference would be scheduled for December 6, 2007.

Petitioner submitted a completed Form 433-A and additional financial documentation to the settlement officer.  Among other things, on the Form 433-A petitioner reported that he worked as an automobile salesman and his monthly wages were $5,900. Petitioner also reported $100 monthly rental income for a residential property on Ivan Road that he had owned since 1978 and included a copy of a lease entered into on August 1, 2007, for a 1-year term.  Petitioner identified two properties as real

estate that he owned--the Ivan Road property and another property purchased in January 2007 for $304,000 with a loan balance of $290,000 and current value of $270,000. Petitioner claimed $800 for housing and utilities expenses on the form. Financial documents that petitioner submitted with Form 433-A included a monthly mortgage statement of $2,366 for the property purchased in January 2007 and an invoice showing $227 for utilities expenses. In addition, documents that petitioner submitted identified monthly retirement contributions and a State of Tennessee Department of Workforce and Network Development benefit overpayment balance of $850.

On December 6, 2007, the settlement officer called petitioner after analyzing the Form 433-A and accompanying financial documents. The settlement officer proposed a monthly installment agreement amount of $2,064, petitioner's monthly disposable income as calculated by the settlement officer. In his calculations, the settlement officer used the IRS local standard for housing and utilities expenses of $1,073 for a family of one in Shelby County, Tennessee, for late 2007, instead of either the $800 that petitioner claimed on Form 433-A or the actual expenses. Petitioner stated he could not pay the proposed $2,064 monthly installment agreement payments.

During the December 6, 2007, phone call the settlement officer asked petitioner why he identified himself as married on

the Form 433-A when he had filed his 2006 tax return as single. Petitioner responded that he was married in November 2006.

On January 8, 2008, the IRS sent a notice of determination to petitioner sustaining the lien filing. The notice of determination contained a "Summary of Determination" concluding:

> Our determination is not to grant you relief under Internal Revenue Code (IRC) section 6320 from the filing of the Notice of Federal Tax Lien (NFTL) covering your 1993, 1994, 1995, 2001, 2002, 2003, 2004, and 2005 liabilities. You have not met any conditions for withdrawal of this Lien. Appeals' [sic] believe that the Notice of Federal Tax Lien is appropriate and that it should remain in place until the requirements for issuance of a release have been met.

## OPINION

Section 6321 imposes a lien in favor of the United States on all property and property rights of a taxpayer liable for taxes after a demand for the payment of the taxes has been made and the taxpayer fails to pay. The lien arises when the assessment is made. Sec. 6322. The IRS files a notice of Federal tax lien to preserve priority and put other creditors on notice. See sec. 6323. Section 6320(a) requires the Secretary to send written notice to the taxpayer of the filing of a notice of lien and of the taxpayer's right to an administrative hearing on the matter.

The hearing generally shall be conducted consistent with procedures set forth in section 6330(c), (d), (e), and (g). Sec. 6320(c). At the hearing a taxpayer may raise any relevant issue, including challenges to the appropriateness of the collection

action and possible collection alternatives.  Sec. 6330(c)(2)(A).

A taxpayer may contest the validity of the underlying tax

liability, but only if the taxpayer did not receive a statutory

notice of deficiency or otherwise have an opportunity to dispute

the tax liability.  See sec. 6330(c)(2)(B); see also Hoyle v.

Commissioner, 131 T.C. __, __ (2008) (slip op. at 5).

Petitioner asserts that the Appeals settlement officer

abused his discretion in failing to consider petitioner's

liability issues and in denying petitioner's request for an

installment agreement or an OIC.  Petitioner contends that the

settlement officer acted inconsistently with the Internal Revenue

Manual (IRM).

Petitioner asserts that his underlying tax liabilities were

raised at the CDP hearing when he stated that he might be able to

file an amended return claiming additional expenses for the years

for which the IRS filed section 6020(b) substitutes for returns--

1993, 1994, 1995, 2002, and 2003.

Respondent contends that section 6330(c)(2)(B) precluded

petitioner from challenging his underlying tax liabilities at the

CDP hearing because he had prior opportunities to dispute his tax

liabilities.  Respondent asserts that because petitioner did not

object to the proofs of claim filed for 1993, 1994, and 1995 in

each of petitioner's two bankruptcy proceedings, he is precluded

from challenging the underlying tax liabilities for those years.

See Kendricks v. Commissioner, 124 T.C. 69, 77-79 (2005).  For 2002 and 2003, respondent contends that petitioner is precluded from contesting the liabilities because statutory notices of deficiency were sent to him for those years.  See sec. 6330(c)(2)(B).

Petitioner argues that he did not receive the notices of deficiency for 2002 and 2003 and thus may raise the underlying tax liabilities.  Petitioner did not identify any additional expenses to the Appeals Office, and the only item presented at trial was a copy of a 1995 tax return that petitioner sent to the IRS in 1999, prior to the bankruptcy proceedings that provided petitioner an opportunity to dispute his 1993, 1994, and 1995 liabilities.  See Kendricks v. Commissioner, supra at 77-79. Thus, even if he were allowed to challenge the liability, he failed to show that the assessed amounts were incorrect.

Petitioner argues that the Appeals settlement officer should have directed him to submit amended returns and permitted him to contest his liabilities contemporaneous with the hearing, even if he was otherwise precluded from judicial review of those liabilities.  Petitioner relies on section 301.6330-1(e)(3), Q&A-E11, Proced. & Admin. Regs.

To establish an abuse of discretion, petitioner must show that the decision complained of is arbitrary, capricious, or without sound basis in fact or law.  See Giamelli v.

<u>Commissioner</u>, 129 T.C. 107, 111 (2007). Petitioner never demonstrated any reasonable dispute as to liabilities that go back more than 15 years, including multiple years for which he filed no returns and 3 years for which he failed to pay the liabilities reported on his returns. When the IRS prepares substitutes for returns under section 6020, the returns are generally based on income reported on third-party information returns. Generally, the IRS has no way of knowing or estimating a taxpayer's deductions beyond the standard deduction and exemption. Petitioner's belated and vague references to possible, but not identified, additional deductions were insufficient to raise a bona fide dispute as to liability for the years in issue. An obvious purpose of section 6330(c)(2)(B) is to prevent stale claims raised as a dilatory tactic. The settlement officer did not abuse his discretion in not addressing the liability issues.

Petitioner argues that it was an abuse of discretion for the settlement officer (1) to not consider an OIC and (2) to not follow the IRM or consider all the relevant financial information when calculating his monthly expenses to derive the installment agreement amount.

In a collection hearing a taxpayer may raise offers of collection alternatives, which may include an OIC or an installment agreement. Secs. 6330(c)(2)(A)(iii), 6320(c).

Section 7122(a) authorizes compromise of a taxpayer's Federal income tax liability. Taxpayers who wish to propose an OIC must submit a Form 656, Offer in Compromise. See Godwin v. Commissioner, T.C. Memo. 2003-289, affd. 132 Fed. Appx. 785 (11th Cir. 2005).

In his letter dated October 16, 2007, the settlement officer informed petitioner that if he wanted an OIC to be considered, he needed to submit a completed OIC request. Petitioner failed to submit the appropriate Form 656 or required payments. This Court has held that when "there was no offer in compromise before Appeals, there was no abuse of discretion in Appeals' failing to consider an offer in compromise." Kendricks v. Commissioner, supra at 79. The settlement officer had no OIC to consider; thus there was no abuse of discretion by the Appeals Office not considering an OIC. See Nelson v. Commissioner, T.C. Memo. 2009-108 (holding that the Appeals Office did not abuse its discretion in sustaining a lien when a taxpayer requested an OIC generally but had not prepared one).

Section 6159(a) gives the Secretary discretionary authority to enter into installment agreements to satisfy tax liabilities when it is determined that this will facilitate full or partial collection. Generally, we have held that it is not an abuse of discretion for purposes of section 6320 or 6330 when an Appeals Office employee relies on guidelines published in the IRM to

evaluate a proposed installment agreement.  See, e.g., <u>Orum v. Commissioner</u>, 123 T.C. 1, 13 (2004), affd. 412 F.3d 819 (7th Cir. 2005); <u>Etkin v. Commissioner</u>, T.C. Memo. 2005-245.

Eligibility for an installment agreement is based on the taxpayer's current financial condition.  See generally IRM pt. 5.14.1.5 (July 12, 2005).  According to the IRM, the installment agreement payment amount should be equal to a taxpayer's monthly disposable income, which is the taxpayer's monthly gross income less allowable expenses.  See IRM pt. 5.14.1.5.3 (July 12, 2005); IRM pt. 5.15.1.2(1) (May 1, 2004).

Allowable expenses include those expenses that meet the necessary expense test.  See IRM pt. 5.15.1.7(1) (May 1, 2004).  Necessary expenses are those expenses necessary to provide for the production of income and/or for the health and welfare of the taxpayer and his family.  <u>Id.</u>  The sum of the necessary expenses establishes the minimum amount the taxpayer needs to live.  <u>Id.</u>

After reviewing petitioner's submitted Form 433-A and other financial documents, the settlement officer determined that petitioner had $2,064 of monthly disposable income and proposed an installment agreement with monthly payments of this amount. Petitioner stated he would not be able to make the proposed installment agreement payments.

Petitioner asserts that it was an abuse of discretion for the settlement officer to not consider his (1) actual housing and

utilities expenses, (2) expenses for a voluntary retirement fund, and (3) expenses for an outstanding debt for overpaid unemployment compensation in calculating his monthly disposable income used for the proposed installment agreement.

Petitioner argues that his actual expenses for housing and utilities should be allowed instead of the local allowances that the settlement officer used when calculating his monthly disposable income. Section 7122(d)(2)(A) provides that "the Secretary shall develop and publish schedules of national and local allowances designed to provide that taxpayers entering into a compromise have an adequate means to provide for basic living expenses." Section 7122(d)(2)(B) provides that the national and local allowances should not be used "to the extent such use would result in the taxpayer not having adequate means to provide for basic living expenses."

This Court has sustained the Commissioner's use of the IRS' published national and local allowances as guidelines for basic living expenses in evaluating the adequacy of proposed installment agreements and OICs. See, e.g., Speltz v. Commissioner, 124 T.C. 165, 179 (2005), affd. 454 F.3d 782 (8th Cir. 2006); Dean v. Commissioner, T.C. Memo. 2009-269; Fernandez v. Commissioner, T.C. Memo. 2008-210; Klein v. Commissioner, T.C. Memo. 2007-325. Generally, this Court has found no abuse of discretion where Appeals officers used the housing and utilities

standard allowances rather than the taxpayer's actual expenses. See <u>Marks v. Commissioner</u>, T.C. Memo. 2008-226; <u>Diffee v. Commissioner</u>, T.C. Memo. 2007-304.

The taxpayer has the burden of providing information to the Appeals Office to justify a departure from the local standards. See <u>Lindley v. Commissioner</u>, T.C. Memo. 2006-229 (no abuse of discretion to use local standards when taxpayer does not make showing that he will be unable to provide for basic living expenses), affd. sub nom. <u>Keller v. Commissioner</u>, 568 F.3d 710 (9th Cir. 2009).

Petitioner submitted documentation showing his actual expenses, but he did not present information to justify a departure from the local standard allowance for housing and utilities expenses. Further, petitioner purchased real property and incurred the additional mortgage and utilities expenses at a time when he owed a substantial tax liability. See, e.g., <u>Steinberg v. Commissioner</u>, T.C. Memo. 2006-217. Under the circumstances, it was not arbitrary, unreasonable, or without basis in fact to conclude that the Government's interest justified a lien on petitioner's property.

Respondent suggests that petitioner probably did not pay all of the actual expenses claimed because he is married and his wife may also pay a portion of the expenses. Because petitioner did not supply information about his wife, he was allowed expenses

based on a single person.  See IRM pt. 5.15.1.4 (May 1, 2004) (providing guidelines that indicate generally a taxpayer is allowed only the expenses that he or she is required to pay and consideration must be given to any other income available to the household and any expenses shared with a nonliable person.)  We conclude that the record does not show that the settlement officer did not properly apply the provisions of the Code, the regulations, or the IRM with respect to the local standard allowance for monthly housing and utilities expenses.

Although petitioner did not claim retirement contributions as an expense on his Form 433-A, he provided documents to the settlement officer showing monthly retirement contributions. Petitioner asserts that the settlement officer failed to follow the IRM and allow the retirement contributions as a necessary expense.  According to the IRM, contributions to voluntary retirement plans are not a necessary expense.  IRM pt. 5.8.5.3.8(2) (Sept. 1, 2005). Petitioner argues that he is nearing retirement age and has a small retirement account and that the voluntary contributions are a necessary expense. However, the settlement officer followed the IRM guidelines in this regard.

Petitioner next argues that the settlement officer failed to follow the IRM and consider his unemployment overpayment debt to the Tennessee Department of Labor and Workforce Development

because it was incurred for the production of income.  Petitioner did not claim this unsecured debt on his Form 433-A but submitted a statement from the Tennessee Department of Labor and Workforce Development showing an outstanding balance of $850.

To be considered a necessary expense, the expense must provide for the health and welfare of the taxpayer and/or his family or must be for the production of income.  IRM pt. 5.15.1.10 (May 1, 2004).  When reviewing an unsecured debt, if the taxpayer substantiates and justifies the expense, the minimum payment may be allowed.  Id.

Petitioner testified that the debt arose from overpaid unemployment compensation.  Petitioner has not explained how repayment of amounts wrongfully received is necessary for the production of income.  We conclude that the settlement officer did not abuse his discretion by not including the overpaid unemployment debt when calculating petitioner's allowable monthly expenses.

In summary, petitioner's complaints amount to the argument that the settlement officer should have reached a different conclusion based on the financial information presented.  Our review, however, is limited to abuse of discretion.  We do not recalculate petitioner's ability to pay and substitute our judgment for that of the Appeals Office.  See Speltz v. Commissioner, supra at 179-180; Bergevin v. Commissioner, T.C.

Memo. 2008-6.  Even if the parties had executed an installment agreement the lien would probably remain in place.  It was not an abuse of discretion to sustain the notice of lien filing.  In reaching our decision, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.