**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-46

UNITED STATES TAX COURT

DEE W. STOTTS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 9824-11S L, 19367-11S L.     Filed June 10, 2013.

Dee W. Stotts, pro se.

<u>Amy B. Ulmer</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  These consolidated cases[1] were heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

_____

    [1]These cases were consolidated for trial and opinion by order of the Court
on April 9, 2013.

petition was filed.[2]  Pursuant to section 7463(b), the decisions to be entered are not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Respondent issued to petitioner Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notices) that sustained proposed levy actions for petitioner's unpaid employment tax liabilities for the periods ending June 30 and September 3, 2010.  We consider here whether respondent's rejection of a proposed installment agreement during the administrative proceeding or respondent's litigation representative's failure to accept petitioner's offer-in-compromise was an abuse of discretion.

## Background

During the tax periods under consideration petitioner was self-employed and filed Forms 941, Employer's Quarterly Federal Tax Return, for the periods ended June 30 and September 30, 2010.  The returns reflected balances due, but petitioner did not remit payment.  Respondent assessed the unpaid employment tax.

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.

<u>June 30, 2010, Employment Tax</u>

For the quarter ended June 30, 2010 (June quarter), respondent mailed to petitioner a Letter 1058, Notice of Intent to Levy and Notice of Your Right to a Hearing. On November 19, 2010, petitioner filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing. Respondent's settlement officer, on February 11, 2011, sent petitioner a letter acknowledging petitioner's request and set a March 15, 2011, telephone conference. In addition, respondent's settlement officer requested that petitioner submit: a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, or a Form 433-B, Collection Information Statement for Businesses; supporting financial information; a signed Form 941 for the period ending December 31, 2010; proof of Federal tax deposits for the period ending March 31, 2011; and a profit and loss statement for the year 2010 and the beginning portion of 2011. Petitioner, on March 11, 2011, faxed a Form 433-B to the settlement officer but did not provide any of the remaining requested information.

During the March 15, 2011, telephone conference, petitioner did not provide any additional information, did not dispute the outstanding liability, and requested that his account be placed in noncollectible status for four months to give him time to improve his financial situation. In that regard, petitioner

informed the settlement officer that he could not become current on his employment tax deposits. Petitioner did not propose any other viable collection alternatives. The settlement officer advised petitioner that the proposed collection action would be sustained. On March 29, 2011, the settlement officer issued a notice of determination sustaining the proposed collection action. In response, petitioner filed a petition with this Court seeking review of respondent's determination (docket. No. 9824-11S L).

September 30, 2010, Employment Tax

For the September 30, 2010, quarter (September quarter), respondent, on January 27, 2011, mailed to petitioner a Letter 1058. Petitioner timely filed a Form 12153. In his Form 12153 petitioner requested an installment agreement as a collection alternative. Respondent's settlement officer, on April 25, 2011, sent petitioner a letter acknowledging petitioner's request and scheduled a telephone conference to be held on June 17, 2011. In addition, respondent's settlement officer requested that petitioner submit: a Form 433-A or a Form 433-B; supporting financial information; a signed Form 941 for the period ending December 31, 2010; proof of Federal tax deposits for the period ending March 31, 2011; and a profit and loss statement for the year 2010 and the beginning portion

of 2011. Petitioner provided a Form 433-A, a Form 433-B, detailed supporting financial documentation, and other information the settlement officer requested.

During the June 17, 2011, telephone conference, petitioner again requested that his account be placed in noncollectible status. Petitioner did not question the merits of the outstanding liability. For purposes of considering an installment agreement as a collection alternative, petitioner claimed that his monthly expenses for food, clothing, and related expenses were $3,000. After reviewing the materials petitioner provided, the settlement officer determined that petitioner's monthly expense claim of $3,000 exceeded the national standard for petitioner's locality by approximately $2,000. On the basis of that determination, the settlement officer concluded that petitioner could make monthly installment payments on his outstanding employment tax liability of $2,000 and that he did not qualify for noncollectible status or lesser amounts of monthly installment payments. The settlement officer's attempts to reach petitioner for further discussions of his collection matter were unsuccessful as petitioner did not return calls or respond to a telephone message left with petitioner's receptionist.

On July 27, 2011, the settlement officer issued a notice of determination sustaining the proposed collection action. In response, petitioner filed a petition

with this Court seeking review of respondent's determination (docket. No. 19367-11S L).

Petitioner's Docketed Tax Court Cases

On December 1, 2011, respondent's motion for summary judgment in the June quarter case was filed, and the case was called at the February 27, 2012, San Francisco trial session. At the trial session respondent's counsel represented that it was possible that the case could be resolved by petitioner's filing an offer-in-compromise. Further, respondent's counsel advised that he was willing to withdraw the motion for summary judgment, and he also proposed that the case be continued. The case was continued by this Court's order dated February 27, 2012.

On February 28, 2012, respondent forwarded a Form 656, Offer-in-Compromise (offer), with instructions and asked petitioner to fill out and return various forms in support of his offer. On April 11, 2012, petitioner forwarded to respondent his offer along with various forms. The offer was returned to petitioner with the advice that he needed to include all of [his] liabilities in the offer, including those for the employment tax quarters ending September 30 and December 31, 2010. Petitioner was further advised that his revised offer would be considered if it contained the necessary information. Petitioner resubmitted his

offer along with a letter on May 9, 2012. Petitioner offered to settle the outstanding liabilities for $555, payable in five $111 installments.

On May 31, 2012, both of petitioner's collection cases were scheduled for trial in San Francisco on October 29, 2012. On June 8, 2012, respondent advised petitioner that his offer was "processable" and was being sent for consideration. Respondent's counsel further advised that he would attempt to continue the June quarter case from the October 29, 2012, trial session. On September 18, 2012, petitioner's case was again continued.

On August 28, 2012, respondent's motion for summary judgment was filed in petitioner's September quarter case. Petitioner moved for a continuance, respondent did not object, and the Court granted a continuance and denied respondent's motion for summary judgment without prejudice to renew it at a future date. At this point petitioner had two continued collection cases pending in this Court, and respondent's offer specialist was considering an offer that covered both liabilities.

On September 18, 2012, respondent's offer specialist called petitioner and left a message requesting certain specific information. On September 20, 2012, petitioner called the offer specialist and left a voice message requesting that the

offer specialist's request for information be reduced to writing and sent to petitioner. Petitioner received November 12, 2012, notices from the Court notifying him that his cases (docket Nos. 9824-11S L and 19367-11S L) were scheduled for trial in San Francisco on April 8, 2013.

On December 10, 2012, petitioner sent a letter to respondent's counsel asking about the status of his offer. Respondent's counsel responded in a December 27, 2012, letter advising that the offer specialist had, on October 4, 2012, in accord with petitioner's oral request, sent a written request to petitioner for additional information. Respondent's counsel further advised that after petitioner did not respond to the written request, the offer specialist sent petitioner a letter returning petitioner's offer because of his failure to respond. Petitioner did not receive either letter, and he believes it was because of his providing an incorrect address in his revised offer.

## Discussion

At the trial of these consolidated cases, petitioner argued that there was an abuse of discretion because of respondent's failure to properly consider his offer and rejection of a proposed installment agreement in the September employment case.

When a taxpayer fails to pay an outstanding Federal tax liability, section 6331(a) authorizes the Commissioner to collect the tax by levy on a taxpayer's property. The Commissioner must first issue a final notice of intent to levy and notify the taxpayer of the right to an administrative hearing before the IRS Office of Appeals. Sec. 6330(a). After receiving such notice, a taxpayer may request an administrative hearing before the Office of Appeals. Sec. 6330(b)(1). If the taxpayer is dissatisfied with the result, the taxpayer can appeal the Commissioner's determination to this Court pursuant to section 6330(d). Petitioner self-assessed the liabilities in question, and accordingly, our review is limited to deciding whether respondent's determination to proceed with collection was an abuse of discretion. The standard for reaching our decision is whether the determination was arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

The settlement officer is required to consider the following factors: (1) whether the requirements of applicable law and administrative procedure have been met by respondent's personnel. See sec. 6330(c)(3)(A). The attachments to the notices of determination set forth that the settlement officer complied with this requirement, and petitioner did not challenge the verification requirement; (2) any

relevant issue(s) relating to the unpaid tax or the proposed levy, including challenges to the appropriateness of the collection action and offers of collection alternatives, see sec. 6330(c)(2)(A); (3) the settlement officer must determine "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary", sec. 6330(c)(3)(C).

There is no abuse of discretion when a settlement officer rejects an offer or an installment payment arrangement because the taxpayer's ability to pay is greater than the amount he proposes to pay under the collection alternative. Fargo v. Commissioner, 447 F.3d 706, 709-710 (9th Cir. 2006), aff'g T.C. Memo. 2004-13. In that regard, a settlement officer may use the local amounts from the national standard allowances for housing and utilities rather than the taxpayer's actual expenses. Speltz v. Commissioner, 124 T.C. 165, 179 (2005), aff'd, 454 F.3d 782 (8th Cir. 2006); Fernandez v. Commissioner, T.C. Memo. 2008-210; McDonough v. Commissioner, T.C. Memo. 2006-234, aff'd in part sub nom. Keller v. Commissioner, 568 F.3d 710 (9th Cir. 2009).

For the September quarter employment tax case, petitioner's proposed expenses in connection with his request for an installment payment arrangement exceeded the local standard allowances for housing and utilities by more than

$2,000 per month. It was reasonable for the settlement officer to reach that conclusion relying on the above-referenced standards. Because no collection alternative, other than petitioner's request that the collection be delayed for four months, was advanced for the June quarter employment tax case, there is no need to give further consideration to the collection alternative aspect for that case. Accordingly, we must hold that there was no abuse of discretion by respondent's officers in the administrative consideration of whether to proceed with collection of petitioner's June 30 and September 30, 2010, quarterly employment tax liabilities.

Finally, we consider petitioner's argument that respondent failed to properly consider his offer-in-compromise regarding his outstanding employment tax liabilities. At the outset, we note that petitioner did not advance an offer-in-compromise during the administrative proceeding in either case. The offer was made to respondent's counsel after these consolidated cases were docketed and pending before this Court. Accordingly, the "offer-in-compromise" was an offer to settle the cases pending before this Court and was also the reason why this Court granted continuances from trial.[3] The statutory mandate granting this Court

_____

[3]In docket No. 9874-11S L continuances from two prior trial sessions were granted, and in docket No. 19367-11S L one prior continuance was granted.

jurisdiction to review respondent's determinations to proceed with collection does not provide for review of the parties' discussions concerning collection alternatives made during the pending litigation.  Likewise, our Court's procedural rules in the litigations process do not extend to reviewing the parties' settlement negotiations during the pendency of cases before the Court.  The fact that the parties were unable to reach an agreement or that petitioner failed to receive communication(s) from respondent's employees is, therefore, of no consequence. Under the circumstances we conclude and hold that there was no abuse of discretion by respondent and the determinations to proceed with collection in these cases will stand.

<u>Decisions will be entered for respondent</u>.