T.C. Memo. 2003-120

UNITED STATES TAX COURT

CORONA PATHOLOGY SERVICES, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11433-02L.                    Filed April 28, 2003.

Shirley Gorospe (an officer), for petitioner.

<u>Karen N. Sommers</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  Petitioner petitioned the Court under section
6330(d) to review respondent's determination as to a proposed
levy upon its property.[1]  Respondent proposed the levy to collect
1997 and 1998 Federal income taxes of approximately $1,158.53 and

---

[1] Petitioner's mailing address was in Corona, California,
when its petition was filed.

$11,481.14, respectively.[2]  Currently, the case is before the

Court on respondent's motion for summary judgment under Rule 121.

Although ordered to do so, petitioner did not file a response to

respondent's motion.

We shall grant respondent's motion for summary judgment.

Section references are to the applicable versions of the Internal

Revenue Code.  Rule references are to the Tax Court Rules of

Practice and Procedure.

## Background

Petitioner failed to file 1992, 1994, 1995, and 1997 Forms

1120, U.S. Corporation Income Tax Return, and failed to file

Forms 941, Employment Tax Return, for the second and fourth

quarters of 2001.  Petitioner filed untimely 2000 and 2001 Forms

1120.

On August 16, 2000, respondent mailed to petitioner a

letter, Final Notice--Notice of Intent to Levy and Notice of Your

Right to a Hearing (final notice).  The final notice informed

petitioner of its tax liabilities for 1997 and 1998.  The final

notice also informed petitioner of (1) respondent's intent to

collect that liability through a levy upon its property under

section 6331 and (2) petitioner's right under section 6330 to a

---

[2] We use the term "approximately" because these amounts were
computed before the present proceeding and have since increased
on account of interest.

hearing with respondent's Office of Appeals (Appeals) to discuss the proposed levy.

On September 13, 2000, petitioner requested the referenced hearing. Later, Appeals held that hearing with petitioner by telephone. At the hearing, petitioner did not dispute the existence or amount of its tax liabilities for 1997 and 1998. The only issue raised by petitioner was that it needed more time to pay its tax liabilities through an installment agreement.

During the hearing, the Appeals officer reviewed the transcripts of petitioner's accounts for 1992, 1994, 1995, 1997, 1998, 2000, and 2001 and discerned that petitioner had not filed its 1992, 1994, 1995, and 1997 Forms 1120, or its Forms 941 for the second and fourth quarters of 2001. The Appeals officer also discerned that petitioner had not made any estimated payments for 2001 or payroll deposits for the second and fourth quarters of 2001. The Appeals officer reviewed petitioner's financial records and discerned: (1) Petitioner had commingled its funds with the funds of a related corporation, and (2) petitioner's corporate funds had been used to pay the personal expenses of petitioner's shareholders.[3] These personal expenses included automobile insurance for all vehicles used in their household, housecleaning, children's college expenses, checks to children,

---

[3] As of 1999, petitioner was owned equally by Shirley Gorospe and Conrad T. Gorospe.

groceries, utilities, clothing, personal fitness, home pool supplies and services, magazine and newspaper subscriptions, accounting and legal fees, and numerous cash withdrawals. The Appeals officer also reviewed an "Incomplete" Form 433, Collection Information Statement, that petitioner had filed with the Commissioner as to its request to make installment payments.

On June 7, 2002, Appeals issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for 1997 and 1998 (notice of determination). The notice of determination reflected the determination of Appeals to sustain the proposed levy on petitioner's property. The notice of determination also reflected the determination of Appeals not to accept petitioner's request to make installment payments. The notice of determination stated that petitioner was out of compliance with its filing requirements and that it had commingled its funds with its shareholders and the funds of a related corporation.

## Discussion

Summary judgment may be granted with respect to all or any part of the legal issues in controversy if it is shown that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there is no

genuine issue as to any material fact and that this case is ripe for summary judgment.

We review the Appeals officer's determination for abuse of discretion.  Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Nicklaus v. Commissioner, 117 T.C. 117, 120 (2001).  The determination of an Appeals officer must take into consideration: (1) The verification that the requirements of applicable law and administrative procedures have been met, (2) issues raised by the taxpayer, and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary.  Sec. 6330(c)(3).  We review the Appeals officer's exercise of discretion on the basis of the arguments and information available to the Appeals officer when the discretion was exercised.  Sego v. Commissioner, 114 T.C. 604, 612 (2000).

Petitioner's sole argument is that Appeals erred in denying petitioner's request for an installment agreement.  We disagree. Given that petitioner had commingled its funds as discussed, was out of compliance with its filing requirements, and had filed with the Commissioner an incomplete Form 433, we do not believe that the Appeals officer abused her discretion in denying that request.

We note that the action of the Appeals officer is consistent with the Commissioner's current administrative guidelines for installment agreements for business tax liabilities.  Those guidelines condition the Commissioner's acceptance of an installment agreement on the ability of the taxpayer to pay current and delinquent taxes as well as operating expenses. Internal Revenue Manual, pt. 5.14.7.2(4)b (March 30, 2002). Those guidelines also state that a taxpayer must be in current compliance with return filing requirements to qualify for an installment agreement.  Id. at pt. 5.14.7.2(4)i.

We sustain respondent's determination to proceed with collection with respect to petitioner's 1997 and 1998 taxable years.  We have considered all arguments and have found those arguments not discussed herein to be irrelevant and/or without merit.  To reflect the foregoing,

An appropriate order and decision will be entered for respondent.