T.C. Summary Opinion 2009-113

UNITED STATES TAX COURT

CHERYL D. FLATHERS, Petitioner $v$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24235-07S.              Filed July 20, 2009.

Cheryl D. Flathers, pro se.

Fred E. Green Jr., for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code.

The petition was timely filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). Pursuant to section 6330(d), petitioner seeks review of respondent's Final Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of intent to levy) relating to her tax liabilities for 2002 and 2003 and civil penalties for 1999 through 2004.

Neither the underlying tax liabilities for 2002 and 2003 nor the civil penalties for filing frivolous returns for 1999 through 2004 are in dispute. The issues for decision are whether: (1) Petitioner was denied an opportunity for a fair and meaningful section 6330 hearing; and (2) the Appeals officer abused her discretion in failing to provide petitioner an opportunity to present an offer-in-compromise (OIC) at a hearing as required by section 6330(b) and (c)(2)(A)(iii).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When the petition was filed, petitioner resided in Nevada.

Petitioner failed to file timely returns for 2002 and 2003. Respondent prepared substitutes for returns and issued notices of deficiency to petitioner for 2002 and 2003 on July 20, 2004, and June 21, 2005, respectively. Petitioner did not petition the

Court in response to the notices of deficiency.  On January 12, 2007, respondent issued a notice of intent to levy, advising petitioner that respondent intended to collect unpaid liabilities for 2002 and 2003 and civil penalties for 1999 through 2004.

In response to the notice of intent to levy, petitioner mailed Form 12153, Request for a Collection Due Process Hearing, on February 8, 2007.  On Form 12153 petitioner states:  "These charges have already been disputed and are currently in litigation.  The IRS is attempted [sic] to doubly collect.  I request a hearing to review records as to how these charges are listed again". Petitioner's case was assigned to an Appeals officer from respondent's Appeals Office in Fresno, California (Appeals Office).

On May 10, 2007, respondent sent petitioner a letter acknowledging petitioner's request for a section 6330 hearing. In the letter the Appeals officer stated:

> I have scheduled a * * * [telephone section 6330 hearing] for you on **June 14, 2007 at 10:00 AM** (PST).  I will call you at the date and time indicated above. This call will be your primary opportunity to discuss with me the reasons you disagree with the collection action and/or to discuss alternatives to the collection action. If this time is not convenient for you, or you would prefer your * * * [section 6330 hearing] to be held by correspondence, please let me know within fourteen (14) days from the date of this letter.
>
> *       *       *       *       *       *       *
> You will be allowed a face-to-face conference on any nonfrivolous issue(s); however you will need to provide the nonfrivolous issue in writing or by calling me

within 14 days from the date of this letter before a face-to-face conference will be scheduled.

\*        \*        \*        \*        \*        \*        \*

\* \* \* For me to consider alternative collection methods such as an installment agreement or offer in compromise, <u>you must provide any items listed below. In addition, you must have filed all federal tax returns required to be filed</u>. [Emphasis added]**.**

> **!**        Completed Collection Information Statement Form 433-A for individuals

> **!**        Signed tax return(s) for the following tax periods.  Our records indicate they have not been filed:
> **Type of Tax**: <u>1040</u>
> **Period or Periods**: <u>2004 and 2005</u>

> **!**        If you did not file a return because your yearly income was below the amount for which a return is required to be filed, please let me know.

Please send me the items listed or checked above **by May 25, 2007.**  I cannot consider collection alternatives at your conference nor can I consider alternatives during the hearing process without the information requested above.

On May 22, 2007, petitioner sent a certified letter thanking the Appeals officer for their telephone conservation, stating: "it would not be feasible for [her] to deal with the Fresno Office due to time and distance constraints."  She also requested that her case be transferred to her local Appeals Office in Las Vegas, Nevada.

On May 30, 2007, the Appeals officer notified petitioner that her case did not qualify for transfer to her local Appeals Office.  The Appeals officer scheduled the telephone section 6330

hearing for June 14, 2007, at 10 a.m., advised petitioner to complete Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and requested petitioner to file tax returns for 2005 and 2006.[1]  The Appeals officer emphasized that in order for collection alternatives, such as an installment agreement or an OIC to be considered, petitioner had to provide the requested information and file her 2005 and 2006 tax returns.

On June 10, 2007, petitioner sent a response to the Appeals officer, stating that she did not understand why her case could not be transferred to her local Appeals Office, and requesting the specific reasons her case did not qualify for transfer. Petitioner also stated that she was unable to receive personal phone calls during the scheduled section 6330 hearing time, but she was willing to proceed with a correspondence conference "once [she] received the answers to [her] questions."[2]

On June 14, 2007, the Appeals officer called petitioner for the scheduled telephone hearing, but petitioner was unavailable.

---

[1]Respondent's May 10, 2007, letter refers to the filing of petitioner's 2004 and 2005 tax returns.  However, in respondent's May 22, 2007, correspondence and pretrial memorandum, respondent requests that petitioner file returns for 2005 and 2006. Petitioner does not raise this issue.

[2]Petitioner's June 10, 2007, letter was received, stamped, and dated by the Appeals Office on June 13, 2007, and stamped received by the "Fresno Appeals Campus" on June 14, 2007. However, in the Appeals officer's case activity report, the Appeals officer does not acknowledge receipt of the letter.

The Appeals officer left a message for petitioner, asking her to contact the Appeals Office.

On September 18, 2007, the Appeals officer issued to petitioner a notice of determination regarding the proposed levy action for 2002 and 2003. In the notice of determination the Appeals officer stated that petitioner did not provide the requested information.[3] Also, the Appeals officer acknowledged that although petitioner did respond to the Government's attempts to collect the balance owed, she offered no collection alternatives during the appeals process, nor did she present information that would warrant withdrawal of the filed notice of intent to levy.

Discussion

Under section 6330(a), a taxpayer is entitled to notice and opportunity for a hearing before levy action is taken by the Commissioner in the process of collecting unpaid Federal taxes. Upon request, a taxpayer is entitled to a fair section 6330 hearing conducted by an impartial Appeals officer. Sec. 6330(b)(1), (3). The section 6330 hearing does not need to be conducted face to face; a taxpayer may receive a fair hearing by telephone or through written correspondence. Sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs.

---

[3]At trial petitioner admitted that during the appeals process she had not provided the requested documentation.

When conducting a section 6330 hearing, the Appeals officer is required to: (1) Obtain verification from the Secretary that the requirements of applicable law and administrative procedure have been met; (2) consider certain issues raised by the taxpayer such as collection alternatives; and (3) consider whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Sec. 6330(c).

Section 6330(c) also prescribes the matters that a taxpayer may raise at a section 6330 hearing. Under section 6330(c)(2)(A), the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy including: (1) Appropriate spousal defenses; (2) challenges to the appropriateness of collection actions; and (3) offers of collection alternatives, which may include an OIC. "The decision to entertain, accept or reject an offer in compromise is squarely within the discretion of the appeals officer and the IRS in general." Kindred v. Commissioner, 454 F.3d 688, 696 (7th Cir. 2006).

Although section 6330(c)(2)(A) provides taxpayers faced with lien or levy actions the right to offer collection alternatives during the section 6330 hearing process, this right carries with it certain obligations. See Kindred v. Commissioner, supra.

Section 301.6330-1(e)(1), Proced. & Admin. Regs., requires taxpayers to provide all relevant information requested by the Appeals Office, including financial statements, for its consideration of the facts and issues involved in a section 6330 hearing.  Section 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs., provides:

> A face-to-face * * *[section 6330 hearing] concerning a collection alternative, such as an installment agreement or an * * * [OIC], will not be granted unless other taxpayers would be eligible for the alternative in similar circumstances.  For example, because the <u>IRS does not consider * * * [OICs] from taxpayers who have not filed required returns or have not made certain required deposits of tax, as set forth in Form 656, "Offer in Compromise," no face-to-face conference will be granted to a taxpayer</u> who wishes to make an * * * [OIC] but has not fulfilled those obligations. * * * [Emphasis added.]

The Court has jurisdiction to review the Commissioner's determination.  Sec. 6330(d).  When the validity of the underlying tax liability is not at issue, the Court reviews the Appeals officer's determination under the abuse of discretion standard.  <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).  In doing so, the Court does not conduct an independent review of what would be an acceptable OIC.  Rather, the Court reviews only whether the Appeals officer's decision to issue the notice of determination without reviewing petitioner's proposed OIC was arbitrary, capricious, or without sound basis in fact or law.  See <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

Petitioner argues that she was denied a section 6330 hearing in direct violation of section 6330(b)(1) and therefore was not allowed to offer collection alternatives such as an OIC. The Appeals officer, however, advised petitioner that all requested documents had to be received before consideration of petitioner's collection alternatives. Petitioner has a history of not timely filing returns and not paying her Federal income taxes. Consequently, because petitioner did not comply with the requests to provide all required documentation, the Appeals officer was not required to and did not transfer petitioner's case to her local Appeals Office or conduct a face-to-face hearing. Sec. 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs.

The Appeals officer sent a letter scheduling the telephone section 6330 hearing for June 14, 2007. In her June 10 letter petitioner requested a correspondence hearing, stating that she was unable to receive personal phone calls at work and therefore would be unavailable for the telephone section 6330 hearing. On the date and time of the telephone section 6330 hearing, the Appeals officer called petitioner, but she was unavailable. Assuming arguendo that the Appeals officer was unaware[4] that petitioner was unable to receive phone calls during the scheduled telephone section 6330 hearing time or that petitioner requested a hearing by correspondence, her case was not administratively

---

[4]See supra note 2.

closed until 3 months after the scheduled telephone hearing. Thus, petitioner had notice and ample opportunity to submit the Form 433-A and to file her 2005 and 2006 tax returns before her case was administratively closed, but she failed to do so.  See Roman v. Commissioner, T.C. Memo. 2004-20 (reasonable to issue adverse section 6330 determination when, after 6 weeks, taxpayer had failed to submit information requested with respect to an OIC).

It is well within the Appeals officer's discretion to require that petitioner be in full compliance before accepting an OIC.  See Gregg v. Commissioner, T.C. Memo. 2009-19; Otto's E-Z Clean Enters., Inc. v. Commissioner, T.C. Memo. 2008-54; Corona Pathology Servs., Inc. v. Commissioner, T.C. Memo. 2003-120.  The Appeals officer was under no obligation to consider petitioner's OIC without having received the requested documents.[5]  Thus, there was a reasonable basis for the Appeals officer's determination.  Therefore, the Court finds that petitioner was afforded a fair and meaningful opportunity for a section 6330 hearing and that the Appeals officer did not abuse her discretion.  See Morlino v. Commissioner, T.C. Memo. 2005-203 (upholding the Commissioner's determination to proceed by levy, when the taxpayer was given a little over a month to provide the

---

[5]Petitioner is still free, having provided the appropriate information, to submit an offer-in-compromise.

questionnaire and OIC form to the Appeals officer but failed to do so).

The Appeals officer verified that all requirements of applicable law or administrative procedure have been met and balanced the need for the efficient collection of taxes with petitioner's legitimate concern that the collection action be no more intrusive than necessary.  See sec. 6330(c)(1), (3)(C); Tufft v. Commissioner, T.C. Memo. 2009-59.  Accordingly, the Court holds that respondent's proposed levy should be sustained.

Other arguments made by the parties and not discussed herein were considered and rejected as irrelevant, without merit, or moot.

To reflect the foregoing,

Decision will be entered

for respondent.