T.C. Memo. 2014-168

UNITED STATES TAX COURT

MISTY S. DOONIS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10877-13L.                    Filed August 18, 2014.

Glen E. Frost and Melanie A. Fenzel, for petitioner.

Michael A. Raiken, Nancy M. Gilmore, and Elizabeth C. Mourges, for

respondent.

MEMORANDUM OPINION

LAUBER, Judge:  In this collection due process (CDP) case, petitioner

seeks review pursuant to section 6330(d)(1) of the determination by the Internal

**[\*2]** Revenue Service (IRS or respondent) to uphold a notice of intent to levy.[1]

Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his action in sustaining the proposed levy was proper as a matter of law. We agree and accordingly will grant the motion.

Background

The following facts are based on the parties' pleadings and motion papers, including attached exhibits and affidavits. See Rule 121(b). Petitioner is a self-employed individual engaged in the business of recruiting medical professionals and placing them at various companies. She resided in Maryland when she filed her petition.

Petitioner did not file a Federal income tax return for 2007 or 2008. The IRS prepared substitutes for returns for those years that met the requirements of section 6020(b) and, in separate notices of deficiency, determined deficiencies in petitioner's Federal income tax and related additions to tax. Petitioner did not petition this Court for review of either notice. The IRS subsequently assessed the tax.

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

**[\*3]**   On July 24, 2012, in an effort to collect these outstanding liabilities, the IRS sent petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing.  Petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing.  In her request, petitioner asked that her account be placed in currently not collectible (CNC) status or, alternatively, that the IRS consider a collection alternative in the form of an installment agreement or offer-in-compromise.

On February 20, 2013, a settlement officer (SO) from the IRS Appeals Office wrote petitioner to schedule a telephone CDP hearing.  The SO informed her that, in order for him to consider a collection alternative, she needed to submit a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, together with supporting financial information.  The SO also told petitioner that he could not consider a collection alternative unless she was in compliance with and current in all of her Federal tax return filing obligations.  Petitioner had neglected to file Federal income tax returns, not only for 2007 and 2008, but also for 2005, 2006, 2009, 2010, and 2011.  The SO accordingly informed petitioner that she needed to file a tax return for each of these years in order for him to consider her requests for relief.

**[\*4]**   Before the CDP hearing petitioner submitted Form 433-A with supporting financial information.  She also filed, with the appropriate IRS service center, tax returns for 2006-2011.  On these returns she reported business income on Schedules C, Profit or Loss From Business, of $100,799, $22,407, $80,029, $91,756, $60,578, and $93,403, respectively.  Each return showed a substantial balance due.  Petitioner subsequently filed a tax return for 2012 reporting Schedule C business income of $99,048.

On April 4, 2013, the parties held the scheduled CDP hearing.  Petitioner's representative told the SO that petitioner had filed all of her past-due returns.  The SO replied that petitioner had not filed a tax return for 2005.  One week later, petitioner's representative sent the SO copies of petitioner's 2006-2011 tax returns with proof of mailing to the IRS service center.  Petitioner's representative submitted no evidence that petitioner had filed a tax return for 2005.

The SO determined that petitioner was not eligible for an installment agreement or offer-in-compromise because she had not filed her 2005 income tax return and hence was not in full compliance with her Federal tax obligations.  The SO determined that petitioner was not eligible for CNC status because her income significantly exceeded her allowable expenses according to national and local standards.  On the basis of petitioner's 2012 tax return, the SO determined that she

**[*5]** had monthly income of $9,000 and allowable expenses of $5,104, which indicated that she could pay $3,896 per month toward her delinquent tax obligations.

Consistently with the SO's determinations, the IRS issued on April 23, 2013, a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 that denied petitioner's requests for collection relief. Petitioner timely petitioned this Court for review. On February 25, 2014, respondent filed a motion for summary judgment, and petitioner responded to that motion on April 7, 2014.

## Discussion

### A. Summary Judgment and Standard of Review

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121(b) the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that there is no genuine dispute of material fact, and the Court views all factual materials and inferences in the light most favorable to the nonmoving

[*6] party. See Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). Rule 121(d) provides that, where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading." Rather, the nonmoving party must set forth specific facts, by affidavits or otherwise, "showing that there is a genuine issue for trial." Id. Petitioner has not identified any material facts that are in genuine dispute, and we accordingly conclude that this case is appropriate for summary adjudication.

Where (as here) there is no challenge to the amounts of a taxpayer's under-lying tax liabilities for the years at issue, the Court reviews the IRS determination for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 182 (2000). An abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

B.    Analysis

The only question is whether the IRS properly sustained a levy to collect petitioner's liabilities. We review the record to determine whether: (1) the SO properly verified that the requirements of any applicable law or administrative procedure have been met; (2) any issues raised by the taxpayer have merit; and (3)

**[\*7]** "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3).

It is clear from our review of the record that the SO conducted a thorough review of petitioner's account transcripts and verified that the requirements of applicable law and administrative procedure were followed. The SO properly balanced the need for efficient collection of taxes with petitioner's legitimate concern that collection action be no more intrusive than necessary.

Petitioner requested an installment agreement or an offer-in-compromise. Both collection alternatives require that the taxpayer be in full compliance with filing required tax returns. See Giamelli v. Commissioner, 129 T.C. 107, 111-112 (2007); sec. 301.6320-1(d)(2), Q&A-D8, Proced. & Admin. Regs. Petitioner concedes that she did not file a tax return for 2005.

Petitioner first argues that the SO should have excused her failure to file this return because "she did not have sufficient records to file a tax return for 2005." This excuse is unavailing. Taxpayers are required to keep and produce adequate records that enable the Commissioner to determine the correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976). This is an affirmative duty placed on the taxpayer, and

[*8] an unexplained failure to maintain adequate records is no defense to the duty to file a required return.  See Smith v. Commissioner, T.C. Memo. 1998-143, 75 T.C.M. (CCH) 2155, 2157 (citing DiLeo v. Commissioner, 96 T.C. 858, 867 (1991), aff'd, 959 F.2d 16 (2d Cir. 1992)); Wolfington v. Commissioner, T.C. Memo. 2014-45, at *7.

Petitioner next contends that she had "no reported income for tax year 2005 per the IRS wage and income transcripts."  Petitioner is a self-employed medical recruiter who earned Schedule C business income averaging in excess of $78,000 for 2006-2012.  On her Schedule C for 2006 she did not check the box for designating that she "started or acquired this business during 2006."  This implies that she was engaged in her medical recruiting business during 2005.  Petitioner has set forth no specific facts, by affidavit or otherwise, tending to show that she did not work in her business during 2005; that she earned no income in 2005; or that the income she earned in 2005 was below the threshold requiring her to file a tax return.  See sec. 6012(a).

The fact that the IRS transcript of petitioner's 2005 account shows no third-party reporting of payments to her does not imply that she received no income for 2005.  Self-employed individuals are not subject to reporting on Form W-2, Wage and Tax Statement, and they often are not subject to reporting on Form 1099-

**[*9]** MISC, Miscellaneous Income, either. Petitioner has set forth no specific facts, by affidavit or otherwise, indicating how many clients she had, how those clients paid her, and whether those clients generally supplied the IRS with Forms 1099-MISC reporting the income that she received.

Petitioner next argues that she was not required to submit a 2005 tax return because an IRS policy statement provides that the IRS will generally solicit returns going back only six years. See Internal Revenue Manual (IRM) pt. 1.2.14.1.18 (Aug. 4, 2006) (Policy Statement 5-133). We have previously found no abuse of discretion when an SO required a taxpayer to file returns going back more than six years. See Gregg v. Commissioner, T.C. Memo. 2009-19, 97 T.C.M. (CCH) 1070, 1073 (2009) (rejecting taxpayer's reliance on Policy Statement 5-133); Corona Pathology Servs., Inc. v. Commissioner, T.C. Memo. 2003-120. The IRM, which includes Policy Statement 5-133, does not have the force and effect of law but provides only direction and guidance. See Gregg, 97 T.C.M. at 1073; accord Thoburn v. Commissioner, 95 T.C. 132, 141-142 (1990) (IRM provisions are not binding on the Commissioner and confer no rights on taxpayers.). The SO did not abuse his discretion in requiring petitioner to submit a tax return for 2005 as well as for the later years for which she was delinquent.

**[\*10]** Petitioner alternatively requested that her account be placed in CNC status. To be entitled to this relief, the taxpayer must demonstrate that, on the basis of her assets, equity, income, and expenses, she has no apparent ability to make payments on the outstanding tax liability. See Foley v. Commissioner, T.C. Memo. 2007-242. Here, the SO determined that petitioner, far from being unable to pay anything at all, could afford to pay $3,896 per month toward her delinquent tax obligations.

In reviewing for abuse of discretion, the Court does not recalculate a tax-payer's ability to pay or substitute its judgment for that of the SO. See O'Donnell v. Commissioner, T.C. Memo. 2013-247, at \*15. An SO does not abuse his discretion when he employs local and national standards to calculate the taxpayer's expenses and ability to pay, as the SO did here. See Friedman v. Commissioner, T.C. Memo. 2013-44, at \*9; Aldridge v. Commissioner, T.C. Memo. 2009-276 (burden on taxpayer to justify departure from local standards). We find no abuse of discretion in the SO's conclusion that petitioner had not demonstrated her entitlement to have her account placed in CNC status.

Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and affirm the proposed collection action.

**[\*11]** To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.