T.C. Memo. 2019-49

UNITED STATES TAX COURT

GREGORY DWIGHT GOOSBY, SR., Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22731-17L.                    Filed May 9, 2019.

Gregory Dwight Goosby, Sr., pro se.

<u>Martha Jane Weber</u> and <u>William W. Kiessling</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to section 6330(d)(1)[1] of the determination by the Internal

_____

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

**[\*2]** Revenue Service (IRS or respondent) to uphold a notice of intent to levy. The IRS issued the notice to facilitate collection of petitioner's unpaid Federal income tax liability for 2014. The question presented is whether the Appeals officer abused her discretion in rejecting petitioner's proposal of an installment agreement offering payments of $100 per month. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection action was proper as a matter of law. We agree and accordingly will grant the motion.

## Background

The following facts are based on respondent's motion papers, including the attached declaration and exhibits. See Rule 121(b). Petitioner resided in Tennessee when he filed his petition.

For 2014 petitioner filed a delinquent Form 1040, U.S. Individual Income Tax Return, on which he reported, but did not pay, a tax liability of $3,849 in excess of his withholdings. As of January 2017 his unpaid 2014 tax liability, including additions to tax and interest, was $5,578. On January 18, 2017, in an effort to collect this liability, the IRS sent him a notice of intent to levy and your right to a hearing.

**[\*3]**   Petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which he expressed interest in an installment agreement (IA) calling for payments of $100 per month.[2]  His case was assigned to a settlement officer (SO) from the IRS Appeals Office.  On May 3, 2017, the SO sent him a letter acknowledging receipt of his CDP request and scheduling a telephone hearing for June 13, 2017.  She attached a proposed IA under which petitioner would discharge his Federal tax liabilities for all open years, then almost $120,000, with monthly payments of $1,600.  She based this proposal upon an analysis of petitioner's financial situation that an IRS compliance officer had performed less than a year previously.

Before the hearing the SO verified that all applicable legal and administrative procedures had been satisfied.  She confirmed that:  (1) the IRS had properly assessed the tax for 2014, (2) the IRS had mailed a notice and demand for payment to petitioner's last known address, and (3) petitioner had an outstanding balance due when the levy notice was issued.

---

[2]Petitioner also checked the box for "lien withdrawal," but the IRS had not filed a notice of Federal tax lien for 2014.

**[\*4]**  The hearing was held as scheduled.  During the hearing petitioner did not challenge his underlying liability for 2014.[3]  Instead he asked that the SO reconsider his $100-per-month offer in light of his recent switch to a lower paying job. The SO acknowledged that changed circumstances could alter petitioner's ability to pay and requested that he submit a new Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with recent pay stubs from his current employer.

Petitioner submitted updated financial information shortly after the hearing, and the SO used this information to recalculate his ability to pay.  She determined that he had gross monthly income of $5,008 and total allowable monthly expenses of $3,638.  In making the latter calculation the SO determined that petitioner had claimed several expense items that exceeded the amounts allowable to him as a resident (under age 65) of a one-person household in Shelby County, Tennessee. Subtracting petitioner's allowable expenses from his monthly income, the SO determined that he had the ability to pay the IRS $1,370 per month.

On July 10, 2017, the SO sent petitioner a proposed IA under which he would discharge his Federal tax liabilities for all open years by paying $1,300 per

---

[3]Petitioner attempted to challenge his tax liability for 2007.  The SO explained that she could not address his underlying liability for that year because it was not a subject of the levy notice.

[*5] month until the liabilities were satisfied.  The SO requested that he respond to her proposal within two weeks.  He received the SO's proposal and was unwilling to make payments that large.  But instead of directing his response to the SO, he filed a petition with this Court.  Goosby v. Commissioner, T.C. Dkt. No. 17027-17 (filed August 10, 2017).  The SO, having received no response from petitioner by the deadline she had set, decided to close the case.  On September 5, 2017, the IRS issued petitioner a notice of determination stating:  "Since you offered to pay much less than your ability to pay, your installment agreement request has been rejected and the levy sustained."

On September 12, 2017, respondent filed a motion to dismiss the case at docket No. 17027-17 for lack of jurisdiction, urging that the petition was premature.  On October 4, 2017, petitioner filed an objection to that motion and attached a copy of the notice of determination he had recently received.  We treated his objection as a petition seeking review of that notice, dismissed for lack of jurisdiction the case at docket No. 17027-17, and filed his petition in docket No. 17027-17 as an amendment to petition in the instant case.  On February 7, 2019, respondent moved for summary judgment in the instant case, and petitioner timely responded to that motion.

**[\*6]**                                          Discussion

A.    Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly,

time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90

T.C. 678, 681 (1988).  The Court may grant summary judgment when there is no

genuine dispute as to any material fact and a decision may be rendered as a matter

of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992),

aff'd, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judg-

ment, we construe factual materials and inferences drawn from them in the light

most favorable to the nonmoving party.  Sundstrand Corp., 98 T.C. at 520.  How-

ever, the nonmoving party may not rest upon mere allegations or denials of his

pleadings but instead must set forth specific facts showing that there is a genuine

dispute for trial.  Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.  We conclude

that there are no material facts in dispute and that this case is appropriate for sum-

mary adjudication.

B.    Standard of Review

Section 6330(d)(1) does not prescribe the standard of review that this Court

should apply in reviewing an IRS administrative determination in a CDP case.

But our case law tells us what standard to adopt.  Where (as here) the taxpayer's

**[\*7]** underlying tax liability is not before us,[4] we review the IRS' decision for abuse of discretion only. <u>Goza v. Commissioner</u>, 114 T.C. 176, 182 (2000). Abuse of discretion exists when a determination is "arbitrary, capricious, or without sound basis in fact or law." <u>Holloway v. Commissioner</u>, T.C. Memo. 2007-175, 94 T.C.M. (CCH) 25, 28, <u>aff'd</u>, 322 F. App'x 421 (6th Cir. 2008).

C.    <u>Analysis</u>

In determining whether the SO abused her discretion we consider whether she: (1) properly verified that the requirements of any applicable law or administrative procedure had been met, (2) considered any relevant issues petitioner raised, and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." <u>See</u> sec. 6330(c)(3). Our review of the record establishes that the SO clearly satisfied all three requirements.

---

[4]Although petitioner does not challenge his underlying liability for 2014, he seeks to contest his liability for 2007. But he did not (and could not) raise a proper challenge to that liability during the CDP hearing because it was not for a tax period "specified on the CDP Notice." <u>See</u> sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs. He is thus precluded from challenging his 2007 liability in this case. <u>See</u> <u>Thompson v. Commissioner</u>, 140 T.C. 173, 178 (2013).

[*8]    Section 6159 authorizes the Commissioner to enter into an IA if he determines that it will facilitate full or partial collection of a taxpayer's unpaid liability. See Thompson v. Commissioner, 140 T.C. 173, 179 (2013).  Subject to an exception not relevant here, the decision to accept or reject an installment agreement lies within the Commissioner's discretion.  See Kuretski v. Commissioner, T.C. Memo. 2012-262, 104 T.C.M. (CCH) 295, 297 n.2, aff'd, 755 F.3d 929 (D.C. Cir. 2014); sec. 301.6159-1(a), (c)(1)(i), Proced. & Admin. Regs.  Petitioner contends that the SO abused her discretion by rejecting his proposal of an IA requiring monthly payments of $100.  We disagree.

Petitioner contends that the SO's proposal of an IA requiring payments as high as $1,300 per month would not allow him to pay his "basic living expenses." But he identifies no error in her calculation of his allowable expenses or his gross monthly income.  He asserts that the SO took insufficient account of his difficulty reentering the workforce after being released from prison in 2011.  But the SO took full account of his reduced earning capacity when she recalculated his ability to pay on the basis of the paychecks he was receiving from his current employer.

**[\*9]** That recalculation showed that petitioner could pay $1,370 per month, versus the $100 he offered.[5]

Petitioner contends that the SO erred by allowing him monthly transportation expenses that were lower than his out-of-pocket costs. But out-of-pocket expenditures are not controlling: A settlement officer considering an IA is instructed to allow only "necessary expenses" as determined using national and local standards. Internal Revenue Manual (IRM) pt. 5.19.13.2.2.2(1) (June 10, 2015); see Melasky v. Commissioner, 151 T.C. __, __ (slip op. at 30-31) (Oct. 10, 2018) (citing Thompson, 140 T.C. at 179-180); see also sec. 7122(d)(2)(A). Ordinarily, settlement officers are directed to allow transportation expenses equal to the lesser

---

[5]Section 6343(a)(1)(D) provides that the Secretary shall release a levy if he "determine[s] that such levy is creating an economic hardship due to the financial condition of the taxpayer." See sec. 301.6343-1(b)(4), Proced. & Admin. Regs. In Vinatieri v. Commissioner, 133 T.C. 392, 401 (2009), we held that it would be an abuse of discretion for a settlement officer to sustain a levy in circumstances where the statute would require its immediate release on "economic hardship" grounds. Petitioner brought to the SO's attention his temporary absence from the workforce due to his incarceration and his efforts to care for his wife, who had died from cancer two years previously. But he did not demonstrate "economic hardship due to * * * [his] financial condition." See sec. 6343(a)(1)(D). We have previously rejected contentions of economic hardship where (as here) the SO made no finding of economic hardship and the taxpayer's financial information showed that "he could pay some monthly amount toward his outstanding liability." Link v. Commissioner, T.C. Memo. 2013-53, 105 T.C.M. (CCH) 1362, 1364-1365; see also Speltz v. Commissioner, 124 T.C. 165, 179 (2005) (rejecting a taxpayer's attempts to "redefine 'hardship' * * * in a manner different from that set forth in the regulations and * * * [IRM]"), aff'd, 454 F.3d 782 (8th Cir. 2006).

[*10] of the local standard or the amount the taxpayer actually paid. IRM pt. 5.19.13.2.2.5 (June 10, 2015); see Lloyd v. Commissioner, T.C. Memo. 2017-60, 113 T.C.M. (CCH) 1287, 1288. An SO does not abuse her discretion by employing the local standard where (as here) the taxpayer has failed to show that the amount allowed is inadequate to meet his basic living expenses. See Lloyd, 113 T.C.M. at 1288-1289; Doonis v. Commissioner, T.C. Memo. 2014-168, 108 T.C.M. (CCH) 193, 195; Aldridge v. Commissioner, T.C. Memo. 2009-276, 98 T.C.M. (CCH) 523, 526.[6]

Even if petitioner were allowed the additional expenses that he claims, his monthly ability to pay would still far exceed the $100 that he offered. The SO rejected that offer and made a counterproposal, to which petitioner never responded. Instead, he ceased all communication with the SO. Under such circumstances, we cannot find that she abused her discretion in closing the case and sustaining the collection action.

_____

[6]Petitioner asserts that his housing and utility expenses have recently increased above the amounts allowed by the SO. The SO allowed him 100% of the housing and utility expenses that he claimed at the CDP hearing, and she did not abuse her discretion in doing so.

**[*11]** To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered for respondent</u>.